IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CLARENCE HILL.**

    **Plaintiff,**

v.

***CAPITAL***
Case No.: 4:06-cv-032-SPM

**JAMES CROSBY, Secretary of the
Florida Department of Corrections,
in his official capacity; and
CHARLES CRIST, JR., Attorney
General, in his official capacity,**

    **Defendants.**
_____/

**ORDER DISMISSING COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

**THIS CAUSE** comes before the Court upon the "Verified Complaint for Declaratory & Injunctive Relief" (doc. 2) and all accompanying attachments and appendices filed by Plaintiff through counsel on January 20, 2006, and the response from the Attorney General (doc. 6) also filed January 21, 2006. For the following reasons, the Court finds that the motion must be dismissed for lack of jurisdiction.

This case has a long history dating back to Plaintiff's original death sentence in May of 1983. The procedural history is set out in the Florida

Supreme Court's opinion of January 17, 2006, Hill v. State, 2006 WL 91302 (Fla. Jan. 17, 2006), demonstrating that Plaintiff has filed previous petitions for habeas corpus, both in the federal and state courts.  *See, e.g.,* Hill v. Dugger, 556 So. 2d 1385 (Fla. 1990); Hill v. Moore, 175 F.3d 915 (11th Cir. 1999); Hill v. Butterworth, 941 F. Supp. 1129 (N.D. Fla. 1996).

Plaintiff now brings the instant suit as a motion for declaratory and injunctive relief under 42 U.S.C. § 1983 for alleged prospective violations of his right to be free from cruel and unusual punishment (doc. 2-1 at 2), claiming that death by lethal injection causes pain and unnecessary suffering.  In support of his claim, Plaintiff points to "newly-discovered evidence" in the form of an article from the medical journal The Lancet, which purportedly found that inmates (in the cases studied by the researchers) had felt pain during their executions due to insufficient amounts of anesthetic in their bloodstream.  Plaintiff seeks a permanent injunction barring the execution of his death sentence.

This very issue was dealt with by the Eleventh Circuit in Robinson v. Crosby, 358 F.3d 1281 (11th Cir. 2004).  In Robinson, the appellant filed a § 1983 action in the Middle District of Florida alleging that "lethal injection causes those who are executed pain and suffering while they are paralyzed and unable to communicate."  Id. at 1282.  The district court dismissed the petition for lack of jurisdiction, holding that the appellant's § 1983 action was the functional equivalent of a successive habeas corpus petition, which would subject him to the authorization requirements of 28 U.S.C. § 2244.  Absent the permission of

the Eleventh Circuit, the appellant was not authorized to file a successive petition, and thus the district court lacked jurisdiction to consider it. Id. at 1283-84.

> The Eleventh Circuit explicitly upheld the district court's finding:
>
> We conclude that the district court correctly dismissed Robinson's § 1983 complaint for lack of jurisdiction. A § 1983 claim seeking relief--including a TRO, preliminary injunction, or a stay of execution--from a sentence of death as cruel and unusual punishment is the "functional equivalent" of a successive habeas petition. The district court lacked jurisdiction to consider Robinson's claim because he failed to apply to this Court for permission to file a successive habeas petition. We further note that such an application to file a successive habeas petition would be due to be denied in any event. *See In re* Provenzano, 215 F.3d 1233, 1235-36 (11th Cir.2000), *cert. denied*, 530 U.S. 1256 (2000) (concluding that a claim that lethal injection constitutes cruel and unusual punishment does not meet the requirements of 28 U.S.C. § 2244(b)(2)(A) or (B)).

Id. at 1284 (remaining internal citations omitted). Plaintiff's claim, like that of the appellant in Robinson, is virtually identical to those raised in other cases in which stays of execution have been denied. Id. at 1283 (*citing In re* Roe, 540 U.S. 1171 (2004); Vickers v. Johnson, 540 U.S. 1170 (2004); Zimmerman v. Johnson, 540 U.S. 1087 (2003); *and* Beck v. Rowsey, 540 U.S. 1098 (2004) (Supreme Court vacated stay entered by district court)).

Plaintiff's claim of "newly-discovered evidence" is insufficient to overcome the procedural bar in this case. Plaintiff cites the Lancet article as conclusive proof that inmates do feel pain during the lethal injection procedure. He details the injection process, noting that sodium pentothal is first administered as an anesthetic, followed by pancuronium bromide, a paralytic agent which prevents

the inmate from moving or otherwise showing pain or discomfort. The final chemical to be injected is potassium chloride, which causes the actual death by stopping all movement of the heart and suffocating the inmate. The Lancet researchers found that toxicology reports in their case studies demonstrated that insufficient amounts of anesthetic were injected, permitting the inmates to experience the feelings of being suffocated and having a heart attack, yet remaining paralyzed by the pancuronium. While Florida's procedure was not examined in the study, Plaintiff argues that Florida's practice is "substantially similar" and thus poses the same risk to inmates.

These exact issues were raised and disposed of in Robinson, in which the Eleventh Circuit referred to affidavits filed in that case addressing "the effects of the drugs used during lethal injection, how they each cause pain and suffering, and particularly how the pancuronium bromide chemical paralyzes the person and masks the pain and suffering being incurred." Id. at 1285 n.4. An additional affidavit "discusse[d] how the level of potassium chloride being used in the lethal injection context may not cause actual cardiac arrest but may result in death by suffocation due to lack of oxygen." Id.

While the Lancet article itself may be new, having just been published last year, the factual basis of Plaintiff's claim has certainly been raised and disposed of in numerous cases, both in Florida and in other states. Plaintiff has made no showing that he could not have discovered these underlying predicates through the exercise of due diligence. *See in re* Provenzano, 215 F.3d 1233, 1236-37

(11th Cir. 2000).[1]

Because Plaintiff's motion raises no true issues of newly-discovered evidence, it is the functional equivalent of a successive petition for writ of habeas corpus. Robinson, 358 F.3d at 1284. As such, he should have first sought the permission of the Eleventh Circuit under 28 U.S.C. § 2244 to file such a successive petition. There is no indication in the record whatsoever that Plaintiff has followed this procedure. Absent authorization from the Eleventh Circuit, this Court lacks jurisdiction to entertain the instant successive petition.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's complaint/motion for declaratory and injunctive relief (doc. 2) is hereby *dismissed* for lack of jurisdiction. No stay of execution shall issue in this case.

**DONE AND ORDERED** this twenty-first day of January, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

/pao

---

[1] The Supreme Court of Florida also noted in its opinion that

> [a]cross the nation, courts have rejected claims that The Lancet study requires a new evaluation of the constitutionality of lethal injection. See Brown v. Crawford, 408 F.3d 1027 (8th Cir.2005) (dismissing an appellant's motion for a stay of execution despite the fact that the appellant based his claim under 42 U.S.C. § 1983 in part on The Lancet study at issue here); Bieghler v. State, 839 N.E.2d 691 (Ind.2005) (finding The Lancet study was not sufficient to establish "a reasonable probability that Indiana's method of execution violates the federal or state constitution").

2006 WL at *6.