IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CLARENCE HILL,**

    **Plaintiff,**

vs.                                   ***CAPITAL***
                                                                CASE NO. 4:06-CV-032-SPM

**JAMES McDONOUGH and
CHARLIE CRIST,**

    **Defendants.**

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION
AND MOTION FOR STAY**

**THIS CAUSE** comes before the Court upon Plaintiff Hill's "Corrected Motion for Reconsideration and Setting Aside of Order Dismissing Complaint and Denying Preliminary Temporary Injunction" (doc. 43); the Government's response in opposition (doc. 46); and the "Plaintiff's Motion for Temporary Injunction to Stay His Execution Scheduled for September 20, 2006 at 6:00 p.m." (att. 1 to doc. 44), all filed September 6, 2006.  For the reasons set forth below, the Court finds the motion should be denied.

Hill does not specify whether his motion for reconsideration is brought pursuant to Federal Rule of Civil Procedure 59 or 60.  The major distinction between the two is that Rule 59 "applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits."  <u>Lucas v. Fla. Power & Light Co.</u>, 729 F.2d 1300, 1301

Page 2 of 3

(11th Cir. 1984). Because Hill argues that this Court has "misapprehended and mistaken several issues of law and fact" (doc. 43-1 at 2), he is attacking "matters encompassed in a decision on the merits of the dispute"; thus, his motion for reconsideration will be treated as one arising under Rule 59(e).

"The only grounds for granting a [Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact." In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999). This rule "may not be used to relitigate a claim." Fry v. Hillsborough County Sch. Bd., 2006 WL 2034967 at *7 (11th Cir. Jul. 20, 2006)(citing Mincey v. Head, 206 F.3d 1106, 1137 n. 69 (11th Cir.2000)).

Hill's emotionally-laden arguments raise no new evidence, instead making complaints under headings such as the following: "Truncated Consideration by This Court Did Not Provide Mr. Hill Due Process in Litigating His § 1983 Claim."[1] Hill insinuates that this Court's timeliness in rendering an order indicates insufficient deliberation on the issues presented. However, Hill filed his original motion for preliminary injunction in January of 2006. This Court has kept current since that time (and before) with opinions issued by our nation's courts on the question of Eighth Amendment concerns in the context of lethal injection. The Court has thoroughly examined relevant opinions, both state and federal, and

---

[1] The only point raised by Hill that bears mention is his insistence that he could not have brought his § 1983 action until his death warrant was signed, because it was only then that he could determine the specific means by which the State would carry out his execution. This point necessarily assumes that the State arbitrarily and capriciously (or secretly) changes its chemical cocktail on a regular basis. Even assuming that Hill was not previously aware of Florida's procedures for lethal injection, the 1999 Sims case detailed the procedure from beginning to end, thus providing Hill with the information necessary to bring his case at that time. His decision to wait until four days before his execution to file his motion does not entitle him either to a stay or to a reconsideration of this Court's previous rulings.

applied them in a consistent manner to the facts presented in this case. All parties should rest assured that this Court has given careful and searching consideration to these weighty matters in rendering its decisions.

Hill has simply not made any showing of manifest error of law or fact in the Court's order; rather, it appears that Hill is engaging in dilatory tactics to delay a death sentence that was imposed for a second time in 1986—two decades ago. As the United States Supreme Court stated in Hill v. McDonough, "The federal courts can and should protect States from dilatory or speculative suits." Hill, 126 S.Ct. at 2104. Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiff's motion for reconsideration (doc. 43) and motion for stay (attachment 1 to doc. 44) are hereby *denied*.

**DONE AND ORDERED** this eleventh day of September, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge